IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO MCNEIL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARILYN BROOKS, et al. | : | NO. 07-2444 |

## ORDER-MEMORANDUM

**AND NOW,** this 7th day of November, 2007, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and all attendant and responsive briefing, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, and consideration of Petitioner's Objections to the Magistrate Judge's Report and Recommendation, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED** as modified herein;

3. The Petition for Writ of Habeas Corpus is **DENIED**;

4. There is no basis for the issuance of a certificate of appealability; and

5. The Clerk shall **CLOSE** this case statistically.

Petitioner was convicted by a jury of murder in the first-degree, criminal conspiracy, possessing an instrument of crime, and simple assault on May 15, 1998. He was sentenced to a term of life imprisonment for murder, a consecutive term of four to eight years imprisonment for criminal conspiracy, and a concurrent term of six to twelve months imprisonment for simple assault. The Pennsylvania Superior Court affirmed his judgment of sentence on January 24, 2000, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on July 20, 2000.

Commonwealth v. McNeil, 752 A.2d 422 (Pa. Super. Ct. 2000) (table), appeal denied, 759 A.2d 921 (Pa. 2000) (table).  On November 21, 2000, Petitioner filed a motion for relief pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-9546, which was dismissed by the PCRA court on May 15, 2003.  See Commonwealth v. McNeil, 1582 EDA 2003, slip op. at 1 (Pa. Super. Ct. Dec. 30, 2004).  Petitioner filed a notice of appeal with the Superior Court, which affirmed the dismissal of the PCRA petition on December 30, 2004.  Id.  On July 14, 2005, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal.  Commonwealth v. McNeil, 879 A.2d 782 (Pa. 2005) (table).  On November 8, 2005, Petitioner filed a second PCRA petition, which was dismissed as untimely on July 11, 2007.  Petitioner did not appeal the dismissal of that petition to the Superior Court.

Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 14, 2007, claiming two instances of ineffective assistance of counsel, trial court error for admitting prior bad acts regarding a traffic stop, and actual innocence based on new evidence in the form of the recantation of a prosecution witness named Olusegen Odeniyi.

The Report and Recommendation ("R & R") recommends that we deny the Petition as barred by the one-year period of limitations set forth in 28 U.S.C. § 2244(d).  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for the filing of petitions pursuant to 28 U.S.C. § 2254 which begins to run on "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  28 U.S.C. § 2244(d)(1).  Petitioner's judgment of sentence became final on October 18, 2000, when his time for filing a petition for certiorari with the United States Supreme Court expired.  Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (judgment on direct appeal

became final at the conclusion of petitioner's time for seeking certiorari).

The AEDPA provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Consequently, the AEDPA limitations period was tolled beginning on November 21, 2000, when Petition filed his first PCRA petition, although 34 days of the limitations period has already run before that tolling occurred. The tolling continued until the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on July 14, 2005. See Stokes v. District Attorney of the County of Philadephia, 247 F.3d 539, 540 (3d Cir. 2001) ("[T]he time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his post-conviction petition does not toll the one year statute of limitations."); Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007) (same).

The one-year limitations period for filing a petition pursuant to 28 U.S.C. § 2254 therefore began to run on November 21, 2000, ran for 34 days, and then was tolled until July 14, 2005, at which time 331 days remained in the limitations period. Consequently, the limitations period expired on June 10, 2006. The instant Petition was not filed until June 14, 2007, over a year later. Petitioner's second PCRA petition did not toll the running of the one-year AEDPA limitations period because it was filed after the AEDPA limitations period had expired.

Petitioner objects to the R & R on the following three grounds: (1) the Magistrate Judge failed to consider the time in which he appealed his conviction to the Pennsylvania Supreme Court on direct review, (2) he is entitled to equitable tolling during the pendency of his second PCRA petition, because the state court erred in finding that petition to be untimely, and (3) he is entitled

3

to equitable tolling because the recantation of the prosecution's chief witness against him establishes that he is actually innocent.

With respect to Petitioner's first objection, we find that he is correct that the Magistrate Judge's timeliness calculations were flawed, but nonetheless overrule the objection, because the Petition is untimely under the revised calculations as well. In conducting the timeliness analysis, the Magistrate Judge assumed, based on a mistaken assertion by the Government, that Petitioner had not sought discretionary review on direct appeal and therefore considered Petitioner's judgment final as of February 23, 2000, thirty days after the filing of the Superior Court decision on January 24, 2000. (See R & R at 4.) The Government now acknowledges its error and concedes that Petitioner's judgment was not final until October 18, 2000, ninety days after the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on July 20, 2000. Nonetheless, altering the start date for the running of the one-year limitations period does not change the ultimate conclusion that Petitioner's habeas petition was untimely. Indeed, as we explained above, the limitations period began to run on October 18, 2000, and expired on June 10, 2006, more than one year after the habeas petition was filed. Accordingly, we overrule Petitioner's first objection.

Petitioner's second and third objections are also overruled. Although the AEDPA limitations period is subject to equitable tolling, the United States Court of Appeals for the Third Circuit has "cautioned . . . that courts should be sparing in their use of this doctrine." LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005) (citing Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999)). Equitable tolling should only be applied "'in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice.'" Id. (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). The burden is on the petitioner "seeking equitable tolling . . . to show

that he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'" Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling may be available to a petitioner in four circumstances: "'(1) [if] the defendant has actively misled the [petitioner]; (2) if the [petitioner] has in some extraordinary way been prevented from asserting his rights; . . . (3) if the [petitioner] has timely asserted his rights mistakenly in the wrong forum,'" id. (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)); and (4) if the "court has misled a party regarding the steps that the party needs to take to preserve a claim." Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

Petitioner first contends that he is entitled to equitable tolling during the pendency of his second PCRA petition because the state court erred in finding that petition to be untimely. However, it is well-established that a post-conviction petition that is untimely under state law does not toll the running of the AEDPA's limitation period. See AEDPA, 22 U.S.C. § 2244(d)(2) ("time during which a properly filed application for State post-conviction . . . review . . . shall not be counted toward any period of limitation . . . ."); Pace v. Diguglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."); see also Merritt v. Blaine, 326 F.3d 157, 163 (3d Cir. 2003) ("[A] PCRA petition that was dismissed by the state court as time-barred was not 'properly filed' under AEDPA." (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001))). Moreover, the Court of Appeals for the Third Circuit has explicitly held that we must "defer to the state court's holding that [a petition] was untimely." Id. at 165. Accordingly, we are not at liberty to reconsider the state court's determination that Petitioner's second PCRA petition was untimely and will not equitably toll the AEDPA's limitations period during the pendency of that petition. Petitioner's second objection is therefore overruled.

Petitioner also argues that he is entitled to equitable tolling because he is actually innocent. The Third Circuit has not yet explicitly determined whether the AEDPA limitations period may be equitably tolled based on a claim of actual innocence. See Horning v. Lavan, 197 Fed. Appx. 90, 93 (3d Cir. 2006) ("[W]e have yet to hold that the AEDPA statute of limitations can be equitably tolled on the basis of actual innocence." (citing United States v. Davies, 394 F.3d 182, 191 n.8 (3d Cir. 2005))). However, it has determined that, if it were to permit equitable tolling based upon a claim of actual innocence, a petitioner would not be entitled to benefit from such tolling unless he exercised reasonable diligence in pursing his claim. See id. at 94 ("[E]ven assuming that this court were to permit equitable tolling of the AEDPA statute of limitations when a viable claim of actual innocence has been presented, [the petitioner's] claim would nevertheless fail because he did not exercise reasonable diligence in pursuing his actual innocence claim.").

We agree with the Magistrate Judge that Petitioner did not exercise reasonable diligence in pursuing his claim of actual innocence. The affidavit on which Petitioner relies as showing that a prosecution witness recanted his testimony is dated January 6, 2004. Nevertheless, Petitioner did not file his habeas petition with this Court until June 14, 2007. He offers no explanation for the delay, except to emphasize that he did not receive the affidavit evidence until six years after his 1998 trial and to note that his first PCRA petition was pending at the time he received the evidence. These assertions, however, do nothing to explain why he did not file his petition with this Court until June of 2007, long after the Pennsylvania Supreme Court's June 14, 2005 refusal to review the dismissal of his first PCRA petition, and over a year after the June 10, 2006 AEDPA deadline had passed. We

6

therefore find that Petitioner is not entitled to equitable tolling of the AEDPA's one-year limitations period with request to his actual innocence claim, and overrule his third objection.

BY THE COURT:

 /s/ John R. Padova, J.
John R. Padova, J.